UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDRE CHEAIRS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Cause No.: 2:09-CV-201 |
| UNITED WATER/SUEZ, | ) ) ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the motion to dismiss filed by the defendant, United Water/Suez ("United Water")[1], on September 11, 2009. Docket at 15. The plaintiff, Andre Cheairs ("Cheairs"), who is proceeding *pro se*, filed a response in opposition to the motion on September 28, 2009. Docket at 17. United Water filed a reply brief on October 5, 2009. Docket at 18. For the reasons discussed below, the motion to dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE.

**DISCUSSION**

Cheairs initiated this lawsuit on July 16, 2009, alleging employment discrimination against United Water. Complaint, docket at 1. The factual background underlying Cheairs's claims is not relevant to the present motion to dismiss. When he filed his Complaint, Cheairs also filed a Motion for Leave to Proceed *In Forma Pauperis*, contending that he did not have the financial ability to pay the civil filing fee at the outset of this case. Docket at 2. In support of

---

[1] In its motion, United Water explains that "[t]he caption of the Complaint incorrectly names the defendant as 'United Water/Suez.' Defendant's correct name is United Water Services, Inc. 'United Water-Suez' is merely a trade name and no such legal entity exists." Motion to Dismiss, p. 1, n.1. In this Opinion and Order, the court will refer to the defendant simply as "United Water."

that motion, Cheairs filled out and filed this court's standard Application to Proceed Without Prepayment of Fees and Affidavit. *Id*. In that application and affidavit, Cheairs represented that he was unemployed; that he had last worked on December 12, 2008; that he had no source of income whatsoever; that he had no money in either a savings or checking account; that he owned no real estate and no automobile; and that he provided support (although he did not state how much) to a brother and a sister, whom he listed under a section on the application asking about "dependents." *Id*. Based on this sworn declaration of poverty, the court granted Cheairs's motion to proceed *in forma pauperis* on July 21, 2009. Docket at 3.

On August 5, 2009, United Water filed an Answer to Cheairs's Complaint. Docket at 8. The present motion to dismiss followed about a month later. In its motion, United Water argues that Cheairs lied about his financial resources in his affidavit filed with this court. Motion to Dismiss, p. 1. United Water contends that as a result of Cheairs's misrepresentations, this lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). *Id*. That statute is the so-called *in forma pauperis* statute and sets forth the requirements for permitting a plaintiff to proceed with a lawsuit in federal court without having to prepay the filing fee. The subsection that United Water cites states as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . ." (italics added). In the present case, United Water contends just that–that Cheairs's allegation of poverty is untrue. United Water attached documentary evidence to its motion to dismiss to prove its contention.

United Water contends that as of the date Cheairs filed his motion to proceed *in forma pauperis* "and continuing to the present, Plaintiff has owned real estate located at 2307 Ohio

2

Street, Gary, Indiana 46407. . . . Additionally, as of July 16, 2009 and continuing to the present, Plaintiff has owned a 2001 Dodge Neon . . . which has an approximate Blue Book value of $4,600.00. . . . Plaintiff has also received unemployment benefits from the State of Indiana since his termination from Defendant in December 2008 . . . and, as of July 16, 200[9] and continuing through the present, Plaintiff has received approximately $372.00/week in unemployment benefits . . . which equals approximately $1,500.00/month." Motion to Dismiss, p. 2. The documents United Water submits in support of these contentions include Defendant's First Set of Requests for Admissions (Exhibit 2) and a Kelley Blue Book printed form (from the Kelley Blue Book internet site) listing a value of $4,645.00 for a 2001 Dodge Neon 4-door ES sedan (Exhibit 4). In its requests for admissions, United Water asked Cheairs very specific questions about his finances. In his responses, Cheairs admitted the following facts:

> 1. He owned real estate at 2307 Ohio Street in Gary, Indiana, on the date he filed this lawsuit, that he still owned that property on the date he answered the defendant's requests for admissions, and that the property had an assessed value (for 2008 property tax purposes) of $39,400.00;
>
> 2. He owned a 2001 Dodge Neon automobile on July 16, 2009, and still owned the vehicle on the date he answered the requests for admissions;
>
> 3. He earned $31,370.08 in gross wages from United Water in tax year 2008;
>
> 4. He did not claim any dependents for tax withholding purposes during his employment at United Water in tax year 2008;
>
> 5. He received unemployment benefits from the State of Indiana since his termination from United Water in December 2008;
>
> 6. He was still receiving unemployment benefits at the time he filed this lawsuit (and the accompanying motion to proceed *in forma pauperis*); and,
>
> 7. His unemployment benefits were approximately $372.00 per week.

Defendant's Exhibit 2, pp. 2-4.

Based on these admissions, United Water argues that Cheairs clearly and intentionally misrepresented his financial status on his application to proceed *in forma pauperis*, which was completed and filed with this court under the penalties of perjury. Consequently, United Water argues, this court *must*, pursuant to § 1915(e)(2)(A), dismiss Cheairs's Complaint. Motion to Dismiss, p. 1. Furthermore, United Water argues that "because only a dismissal with prejudice will sufficiently sanction Plaintiff's abuse of the IFP procedure, the required dismissal should be with prejudice." *Id*.

In his response, Cheairs states first that the home in question "is currently in the estate of Mamie Watson, aunt of Plaintiff and is under a Chapter 13 plan in which Plaintiff is currently paying $400.00 monthly and has been paying on plan since January 2006 in order to have a place to live. Therefore, property is not in Plaintiff [sic] name and he is not the owner of said property. Ce Link Reverse Mortgage Company has titled [sic] to property." Plaintiff's Response, p. 1. As evidence of this assertion, Cheairs attaches to his pleading a Monthly Reverse Mortgage Statement addressed to "Estate of: Mamie L. Watson" at 2307 Ohio Street in Gary, Indiana. Plaintiff's Exhibit 1. It is not clear from this statement, and Cheairs does not explain in his pleading, how or when the residence became the property of the estate of Mamie L. Watson and/or Celink, the company whose name appears at the top of the statement. But more to the point, he fails to explain why he admitted in his answers to United Water's requests for admissions that he owned the property both at the time his Complaint was filed and at the time he answered those discovery requests. Furthermore, Cheairs made no mention of being in the midst of a Chapter 13 bankruptcy proceeding in his application to proceed *in forma pauperis*. (To be fair, the court's affidavit form does not inquire about past or pending bankruptcy

4

proceedings.) It is also unclear from the Reverse Mortgage Statement whether the "Estate of: Mamie L. Watson" refers to a bankruptcy estate or a probate estate. Also, the statement does not list anyone as the "owner" of the property. It is merely addressed to Mamie L. Watson.

As to the automobile, Cheairs admits in his response that "Plaintiff does own a 2001 Neon Dodge [sic] vehicle and needs car for transportation to locate employment and other needs." *Id*. Cheairs then takes issue with United Water's contention that the vehicle is worth $4,600.00. *Id*. Instead, Cheairs argues, the car is worth only $925.00. *Id*. Cheairs attached a printout of a Kelley Blue Book website page, which lists the trade-in value of a 2001 Dodge Neon with 120,000 miles and that is in fair condition as $925.00.[2] The crucial question here, however, which Cheairs does not answer, is why he failed to acknowledge in his affidavit that he owned this vehicle.

Most significantly, Cheairs admits in his response brief that he receives $372.00 per week in unemployment compensation benefits. Plaintiff's Response, p. 1. Again, Cheairs fails to offer any explanation for his failure to note this income in his application to proceed *in forma pauperis*. Instead, he merely asserts that the money "is necessary for payment of the Chapter 13 plan, food, household expense, and the necessity of living . . . ." *Id*. Cheairs then states that he does not receive any other income for living purposes." *Id*. Cheairs concludes by repeating his request that the court permit him to proceed with this case without prepayment of the filing fee.

In summary, Cheairs in his response denies that he owns the property on Ohio Street in

---

[2] The Kelley Blue Book page submitted by United Water listed the "suggested *retail* value" of a 2001 Dodge Neon, as opposed to the trade-in value listed in Cheairs's exhibit. Motion to Dismiss, Exhibit 4. Also, the value submitted by United Water was based on a vehicle in "excellent" condition with 83,000 miles rather than a car in "fair" condition with 120,000 miles, which are the parameters Cheairs used when he researched the car's trade-in value.

Gary, even though this assertion contradicts his answers to United Water's requests for admission; admits he owns a 2001 Dodge Neon, but argues that its value is much lower than represented by United Water; and admits that he receives unemployment benefits, but apparently argues that he needs that money for basic and reasonable living expenses.

In its reply brief, United Water contends that Cheairs's attempts to dispute the value of his vehicle, to claim that he does not own the property on Ohio Street in Gary, and that he needs his unemployment income for living expenses and to pay a monthly sum into a Chapter 13 bankruptcy proceeding are all irrelevant. What is relevant, United Water argues, is that Cheairs lied in his application to proceed *in forma pauperis* and, consequently, this case must be dismissed. Defendant's Reply, p. 1. In support of its position, United Water cites *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002), which holds that a trial court *must* dismiss a case if it determines that the plaintiff's allegation of poverty is false.[3] Such a dismissal can be with or without prejudice and the trial court has discretion to make that determination. *Id.*; *see also, Darryll M. Harris v. United Water Suez*, Case No.: 2:07-CV-332, Northern District of Indiana, Dec. 28, 2007 (J. Miller) (case dismissed with prejudice to sanction plaintiff for making false allegations of poverty and where plaintiff's income was above poverty

---

[3] United Water's motion to dismiss is replete with case cites from the Seventh Circuit and many other jurisdictions wherein the courts have dismissed, usually with prejudice, suits filed by plaintiffs who abused the IFP opportunity by making intentional false allegations of poverty. *See* Motion to Dismiss, generally. It is well established that when a plaintiff makes such false allegations under penalty of perjury (as opposed to simply forgetting to list a specific asset, such as a bank account), dismissal with prejudice is an appropriate sanction for the plaintiff's abuse of § 1915, which is designed to ensure full access to the federal courts by individuals who clearly do not have the financial means to pay the fee required to initiate a lawsuit. *See, e.g., Eleby v. Unilever Food Solutions*, WL 644022 (N.D. Ill. March 3, 2006); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546 (7th Cir. 1998).

level according to Department of Health and Human Services Poverty Guidelines). Another option is for the trial court to dismiss the case without prejudice and impose a monetary sanction on the plaintiff to punish him for making false allegations under oath. *Id.* Again, in the present case, United Water argues that Cheairs's case should be dismissed *with* prejudice since the evidence establishes that he intentionally made false allegations of poverty, owns real estate and personal property, receives unemployment compensation, and–most importantly–had income in tax year 2008 and well into 2009 that placed him well above the applicable poverty guidelines promulgated by the Department of Health and Human Services. Motion to Dismiss, p. 3 (Exhibit 8, U.S. Poverty Guidelines). *See Thomas*, 288 F.3d at 307 ("dismissal without prejudice would have been no sanction at all, [a]nd a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets.").

Cheairs is truthful when he states that he is making payments in a Chapter 13 bankruptcy proceeding. Cheairs's Chapter 13 proceeding, which was filed on May 31, 2007, and is pending in the Bankruptcy Court for this federal district in Case No.: 07-21387. But rather than helping his cause, this fact hurts Cheairs, since his bankruptcy paperwork confirms that he misrepresented his income and assets in the IFP application he filed with this court. In his bankruptcy petition and accompanying schedules, Cheairs represented that he was the "fee simple" owner of the property at 2307 Ohio Street in Gary, Indiana. Case No.: 07-21387, docket at 10, Schedule A. He also claimed in those schedules that he owns a 2001 Dodge Neon. *Id.*, Schedule B. He claimed that he was single and had no dependents to whom he provided monetary support. *Id.*, Schedules I and J. His Chapter 13 plan was confirmed by the Bankruptcy Court for the Northern District of Indiana on July 9, 2008. Docket at 101. In that plan, the

7

major portion of Cheairs's monthly plan payment is used to pay on the mortgage for the Ohio Street property. *Id.*, docket at 65, Amended Chapter 13 Plan. Thus, Cheairs did the following with regard to his residence at 2307 Ohio Street:

> 1. Stated under penalty of perjury in his application to proceed *in forma pauperis* filed with this court that he did not own any real property;
>
> 2. Stated under penalty of perjury in his bankruptcy petition and accompanying schedules that he was the "fee simple" owner of real estate located at 2307 Ohio Street in Gary, Indiana, and committed to pay the mortgage on that property through his Chapter 13 bankruptcy proceeding in order to retain his ownership;
>
> 3. Admitted in his answers to United Water's requests for admissions that he did, in fact, own the property on Ohio Street;
>
> 4. Represented to this court in his response to United Water's motion to dismiss that the property on Ohio Street is owned not by him, but by his aunt, Mamie L. Watson.

As stated several times already, in addition to the misrepresentations he made about the property on Ohio Street, Cheairs also lied about owning a car, and lied about his income. When confronted with these contradictions by United Water's motion to dismiss, Cheairs fails to offer any reasonable explanation whatsoever. Instead, he claims that the Ohio Street property was owned by his aunt, or was somehow transferred to a mortgage lender, even though he continues to pay the mortgage on the property through his Chapter 13 bankruptcy plan and even though he admitted in his answers to the requests for admissions that he owned the property. As for his vehicle, Cheairs no longer denies his ownership of a car, but simply quibbles over its market value and accuses United Water of overstating that value.[4] And Cheairs offers no explanation,

---

[4] In its reply brief, United Water revises its valuation of Cheairs's automobile and states that it has a market value of between $2,200 and $3,000. Defendant's Reply, p. 3. United Water bases this revised valuation on the Kelley Blue Book *private party* value, as opposed to the retail

let alone any excuse, for not having revealed that he was receiving income in the form of unemployment compensation, which income places him above the federal poverty guideline for one person with no dependants. Rather, he simply states that he needs all of that money to make his monthly payment in his Chapter 13 proceeding and for other living expenses.

The court finds that Cheairs's misrepresentations were intentional and constitute an egregious abuse of the IFP procedure. Cheairs did not simply forget to list a particular asset or understate his financial condition due to an innocent misunderstanding. "'The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.'" *Mullapudi v. Mercy Hosp. and Medical Center*, 2008 WL 4087952 at *1 (N.D. Ill. August 21, 2008) (quoting *Chung v. Dushane*, 2003 WL 22902561 at *2 (N.D. Ill. Dec. 9, 2003) and *Denton v. Hernandez*, 504 U.S. 25 (1992)). Given the facts of the present case, and pursuant to the clear language of 28 U.S.C. § 1915(e)(2)(A), this case must be dismissed. Furthermore, because the court concludes that Cheairs's misrepresentations were clearly deliberate and material, the appropriate sanction is a dismissal with prejudice.

## CONCLUSION

---

value it had stated in its motion to dismiss. *Id*., Exhibit C. Private party value is a mid-range of value between a vehicle's higher retail value and its lower trade-in value. *Id*., Exhibit A. In any event, the actual value of Cheairs's car is not the issue, as United Water points out. What is relevant is that he lied about owning the vehicle when he moved this court for permission to proceed *in forma pauperis*.

For the reasons set forth herein, the Motion to Dismiss filed by the defendant, United Water, is GRANTED and this case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(A).

Date: October 26, 2009.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana